BERTHOUD vs. BARBAROUX.

APPEAL from the court of the first district.

Agreements are to be construed according to the intention of the parties. Parol evidence may be given of the payment of a note of defendants, without producing it.

PORTER, J., delivered the opinion of the court. The petitioner states, that at the request of the defendant and one Eugene Sheridan, he endorsed two notes of Sheridan for 1850 dollars each, which were delivered to a certain James Wood: that in consequence of this endorsement, they jointly covenanted with the petitioner that they would cause the money due on these notes to be paid to Wood or his assigns; that they would at all times save the petitioner harmless, in consequence of his endorsements; and, that they would constantly keep a certain steam-boat, called the Superior, which they had conveyed to the petitioner, insured against all risks, or in default thereof, it might be lawful for him to insure her at their expense.

The petition avers, that neither Sheridan, nor the defendant has complied with his agreement; that the plaintiff has paid the insurance of the boat, and that they have neglected to pay the notes, although they are

long since due; and that the petitioner has been called on to pay the same. It concludes by praying an attachment against the property of Barbaroux, and judgment against him for the sum of 3853 dollars 75 cents.

The answer of the defendant places the defence on several grounds.

1. That the plaintiff has paid nothing to Wood, and that the latter through negligence has lost recourse on the former.

2. That the petitioner took a mortgage on the steam-boat Superior, and must exercise his right on it before he can have recourse on the defendant.

3. That by the laws of Kentucky, where the contract was entered into, the holders of the notes mentioned in the plaintiff's petition, cannot resort to the plaintiff and endorser, until they have prosecuted the maker, Sheridan, with due diligence, to insolvency.

4. That the plaintiff, and the assignees of the endorsee, Wood, are colluding together to cause the security the defendant has given, to inure to the benefit of the assignees of Wood.

5. That the plaintiff has now property in his hands belonging to Sheridan, the maker

of the notes, and that this property must be discussed before judgment can be had against the defendant.

The plaintiff filed a supplemental petition, in which he stated, that at the commencement of the suit, he had paid one of the notes mentioned in the petition, and that since the institution of the action he had paid the other.

The defendant answered this new allegation, by denying the truth of it; and further, alleging that the plaintiff had received from the steam-boat Superior on account of Sheridan, upwards of 2000 dollars, which more than pays the money advanced by him on account of insurance.

The court below gave judgment againt the defendant for the sum paid by the plaintiff for insurance, and his commission thereon; but rejected the demand on account of the notes. The defendant appealed, and the plaintiff in this court has prayed, that the judgment should be amended, so as to embrace the whole amount claimed in the petition.

The first question is in respect to the correctness of that part of the judgment of which the plaintiff complains, and in this we are of

opinion, the judge below has not erred. The words of the covenant are, that the defendant (and Sheridan) will cause " the said several sums of money due and payable by the said notes, to be paid to the said Wood or his assigns, according to the tenor and effect of the said notes, and that they will at all times save the said Berthoud harmless from all damages, costs and charges, which he may sustain in consequence of his endorsements made as aforesaid."

According to the laws of the country where this covenant was made, as in our own, covenants or agreements are to be construed according to the intention of the parties as collected from the whole context of the instrument, *ex antecedentibus et consequentibus.* The whole of this contract, taken together, leaves no doubt on our minds, that the understanding of the parties was, that Berthoud should not have a right to call on the defendant and his co-obligor until he paid the notes. The non-payment to Wood, could not give an action, unless the plaintiff was injured by it; and *non constat* that he was, for the holders of the notes may have failed to give him notice as endorser. To permit him to recover now,

might be authorising him to recover a sum of money. which he *may* never be obliged to pay. See the case of *Browning* vs. *White,* 2 *Bosanquet and Puller,* 13.

On the trial, a bill of exceptions was taken, which embraces the objections made: first, to a record offered in evidence on the part of the plaintiff: and second, to parol testimony, to establish the payment of the insurance.

The record was that of a suit of Barle & Maurin against Sheridan, owner of the steamboat Superior, for supplies and necessaries furnished to this boat, and was the best evidence that could have been offered to show a breach of that part of the covenant by which Sheridan and the defendant agreed, that they would pay all charges against said boat, in such a manner that no other liens should attach on her.

The objection taken to the evidence of the witness to prove payment, admits there was a note given, and presents the very same question as that decided in *Spraggins* vs. *White.* It is impossible for us to say, that the production of the note would be better evidence than the testimony of the witness, for we are not informed that the insurance

East'n. District.
*June*, 1826.

Berthoud
*vs.*
Barbaroux.

company gave a receipt on it; and the note itself, without the receipt, would not be evidence against the defendant. See *Vol.* 3, *p.* 663, *and the authorities there cited.*

On the merits, it is contended on the part of the defendant, that there is proof on the record that the plaintiff has been paid the amount advanced by him for the insurance of the boat. This proof is said to be contained in the record of the suit of Sheridan *vs.* his creditors, introduced by the plaintiff in evidence; which record contains the schedule of Sheridan's affairs, and makes no mention of his being indebted to Berthoud. We think too much weight is attempted to be given to this proof. It may have been omitted through error, or he may have made arrangements with the defendant to pay it: at all events, the presumption created by the silence of Sheridan, cannot be allowed to destroy the positive evidence furnished, of the existence of the debt, by the other proof adduced. It by no means follows, that, though the plaintiff should admit, Sheridan considered himself discharged, that therefore the defendant does not owe.

But, the point most relied on by the

defendant, and which was most pressed on us by his counsel, was an alleged payment to the plaintiff arising out of the proceeds of the sale of the steam-boat Superior. The facts, as they appear in evidence on this point are, that the boat was attached here at the suit of Barle & Maurin, for sundries advanced her; that under the judgment rendered in that suit she was sold, and bought in by an agent of the plaintiffs, who re-sold her a few days after for an advance of 1300 dollars.

The defendant claims the benefit of this sale, on the evidence of the agent. But the whole of this evidence amounts to nothing more than a belief of the agent, that the plaintiff will allow the defendant the benefit of the advances made on the sale. He swears such was his intention in making the purchase, though he did not act under any particular instructions from the plaintiff; nor has he received any communication since the boat was re-sold, which will authorise him to say that Berthoud will allow this sum as a credit to defendant. The witness judges so from his general character; he does not believe the plaintiff had any other intention.

East'n. District.
*June*, 1826.

BERTHOUD
*vs.*
BARBAROUX.

With the judge below, we are of opinion that no legal obligation arises out of this transaction which a court of justice can carry into effect. We sit here to enforce legal, not moral obligations. Putting the case in the point of view most favorable to the defendant, namely, that the plaintiff was informed of the intention with which his agent bought, though of that there is no evidence, it amounts to nothing more than *intention;* and that intention may at any time be revoked, nor can any one claim the benefit of it. If indeed the defendant had suffered any injury, in consequence of the agents purchasing with this declared object, another question might have arisen; but no such thing has been shown. On the contrary, the agent states he had no communication with any person except the plaintiff's attorney, and the person to whom he re-sold her. Under the principle by which the credit for this money is claimed; every thought of generosity or liberality, which passed through a man's mind, might be drawn from him by interrogatories, and converted into legal obligations.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs.

*Whittelsey* for the plaintiff, *Preston* for the defendant.